ROSEVEAR *v.* MONITOR SUGAR CO.

WORKMEN'S COMPENSATION—TOTAL DISABILITY—PROXIMATE CAUSE —FALLS—NARCOTICS—EVIDENCE.

Finding of department of labor and industry that plaintiff's total disability was due to falls sustained while in defendant's employ and not to use of various narcotics, as claimed by defendant, *held,* sustained by competent testimony, including that of defendant and doctors who examined him.

Appeal from Department of Labor and Industry. Submitted January 14, 1937. (Docket No. 29, Calendar No. 39,238.) Decided March 1, 1937.

Allen Rosevear presented his claim against Monitor Sugar Company, employer, for compensation for personal injuries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Leo Gottfurcht,* for plaintiff.

*Picard & Heilman (E. B. Reese,* of counsel), for defendant.

Fead, C. J.   Plaintiff had award of compensation for total disability until further order of the department.

He entered the employment of defendant September 20, 1935.   He testified that on October 14th he slipped on wet and very slippery wooden slats and struck on the end of his spine; that he developed pain in the back, headaches, and, a few days later, dizziness, unsteadiness and irregularity in walking; that he had had no such difficulties prior to his fall; that about 10 days later he slipped against a filter, sustained an abrasion over his left eye and got lime into his eyes, making them sore.

Defendant contends plaintiff's claimed accidents did not arise out of his employment but were due to the use of drugs; that he is not disabled from work; and, if he is disabled, the disability is not due to accident but to the use of narcotics.

Defendant developed a convincing record that, for several years and until March, 1935, plaintiff had been addicted to the use of drugs and intoxicants, such as veronal, luminal, alcohol, sodium amytol and barbital.   It introduced evidence of his appearing to be under the influence of drugs during the period of his employment.   It claims that he acted as though he were intoxicated while around its plant and, on or about November 10, 1935, it discharged him for such reason although there was no odor of liquor on his breath.

Plaintiff testified that during his employment with defendant he used no drugs except that a few times he took phenol barbital, a sedative, at night, in small doses, to induce sleep, and at no time while he was at work did he take or was he under the influence of any drugs or intoxicants.   There was no direct testimony that at the time of the accidents he was under the in-

fluence of drugs or that they were a contributing cause to his fall. At most, defendant's indirect and circumstantial testimony raised an issue of fact upon the cause of the accidents.

Plaintiff further stated that at no time before the fall of October 14th had he had the pains, headaches, dizziness and unsteadiness of gait which manifested themselves after the fall.

After leaving defendant's employ he went to Detroit and was taken to a public receiving hospital, where he remained until January 3d, and at the time of hearing was receiving treatment in the United States Marine Hospital. There was evidence that he was unable to work.

The medical testimony as to the fact and character of his disabilities was in conflict. It was testified they could have arisen from trauma, use of drugs or nervous disorders. A doctor who examined him in December stated that he found physical evidences of trauma and attributed his disabled condition thereto. Defendant complains because this doctor, in forming his opinion, did not have plaintiff's history prior to the accident. Defendant did not cross-examine him thereon. The testimony of the doctor was competent for what it purported to cover and the medical opinion, in connection with plaintiff's own positive testimony as to the time and circumstances of his accidents and disability, raised an issue of fact upon the cause thereof.

The record presents testimony supporting all elements of the claim and the finding of the department thereon is final.

Affirmed.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., concurred.